UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

DAVID POSCHMANN,

    Plaintiff,

v.                                              CASE NO.

INDIAN RIVER LAGOON WATERFRONT
COTTAGES, LLC, KIM PRUITT and
ROBERT PRUITT,

    Defendants.
_____/

## COMPLAINT

Plaintiff, David Poschmann, by and through his undersigned counsel, hereby sues the Defendants, INDIAN RIVER LAGOON WATERFRONT COTTAGES, LLC, KIM PRUITT and ROBERT PRUITT, for injunctive relief pursuant to the Americans With Disabilities Act, 42 U.S.C. §12181, et seq. (the "ADA") and in support thereof states as follows:

## JURISDICTION

1. This court has subject-matter jurisdiction since this action arises pursuant to 28 U.S.C. § 1331 and §1343 and Plaintiff's claims arise under 42 U.S.C. §12181 et seq. based upon Defendants' violations of Title III of the ADA.

## VENUE

2. Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(b) (2) because Defendants are residents of this district and the facility, whose online reservation system is at issue herein, is situated in this district.

## PARTIES

3. Plaintiff, David Poschmann, is an individual who is over eighteen years of age and sui juris. Plaintiff is disabled as such term is defined by the ADA and is substantially limited in performing one or more major life activities due to the amputation of his right leg in 2012. Plaintiff uses a wheelchair to ambulate. Plaintiff drives his own specially equipped vehicle and has a valid disabled parking permit from the Florida Department of Highway Safety and Motor Vehicles. The online hotel reservation system for Defendants' place of lodging, as well as numerous third party reservations services that provide the public with the ability to reserve a room at Defendants' place of lodging, fail to comply with any of the requirements of 28 C.F.R. §36.302(e) and therefore Plaintiff's full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered thereon are restricted and limited because of Plaintiff's disability and will be restricted in the future unless and until Defendants are compelled to comply with the ADA's requirements with regard to the online reservations services providing for reserving rooms at Defendants' place of lodging. Plaintiff intends to visit the online reservation services described herein in the near future, and within thirty (30) days, to book a cottage and utilize the goods, services, facilities, privileges, advantages and/or accommodations being offered and/or to test the online reservation services for compliance with 28 C.F.R. §36.302(e).

4. Defendants are the owners and operators of the Indian River Lagoon Waterfront Cottages located at 3011 N. Indian River Drive in Fort Pierce, Florida ("the Lagoon"). The online reservation system for the Lagoon is found at www.indianriverlagoonwaterfrontcottages.com. Third party reservation services which provide for the reserving of rooms at the Lagoon (neither of which provide for the reserving of rooms that are identified or described as accessible and none of which describe the accessible or

inaccessible features within the common areas of the Lagoon) are: hotels.com and expedia.com (the "Third Party Reservations Services"). The Lagoon's reservation system and the Third Party Reservations Services are collectively referred to herein as the ("Reservations Services").

## CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA

5. On July 26, 1990, Congress enacted the ADA explaining that the purpose of the ADA was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing said discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. (42 U.S.C. § 12101(b)(1)-(4)).

6. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice ("DOJ"), Office of the Attorney General, published revised regulations for Title III of the Americans With Disabilities Act of 1990 in the *Federal Register* to implement the requirements of the ADA. Public accommodations, including places of lodging, were required to conform to these regulations on or before March 15, 2012.

7. On March 15, 2012, new regulations implementing Title III of the ADA took effect, imposing significant new obligations on inns, motels, hotels and other "places of lodging". 28 C.F.R. §36.302(e) states:

"(1) *Reservations made by places of lodging.* A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -
**(i)** Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

**(ii)** Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;[1]

**(iii)** Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

**(iv)** Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

**(v)** Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others."

8. The DOJ Official Comments to 28 C.F.R.§ 36.302(e) (1) specifically address the common use of third party reservations services in the hotel industry and the hotel industry's attempts to exclude such sites from the requirements of the regulation. In rejecting this request, the DOJ, in the DOJ Official Comments, states as follows:

> "Hotels and organizations commenting on their behalf also requested that the language be changed to eliminate any liability for reservations made through third parties, arguing that they are unable to control the actions of unrelated parties. The rule, both as proposed and as adopted, requires covered public accommodations to ensure that reservations made on their behalf by third parties are made in a manner that results in parity between those who need accessible rooms and those who do not."

9. The Lagoon is a place of public accommodation that owns and/or leases and operates a place of lodging pursuant to the ADA. The Reservations Services enable members of the public to reserve a guest cottage at the Lagoon by the night. The Reservations Services are

---

[1] The United States Department of Justice, in "28 C.F.R. Appendix A to Part 36, Guidance on Revisions to ADA Regulation on Nondiscrimination on the Basis of Disability by Public Accommodations and Commercial Facilities", provides a section-by-section analysis of 28 C.F.R. §36.302(e)(1). In its analysis and guidance, the Department of Justice's official comments state that "information about the Hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features that do **not** comply with the 1991 Standards." An agency's interpretation of its own regulations, such as the Department of Justice's interpretation of 28 C.F.R. §36.302(e)(1), must be given "substantial deference" and "controlling weight" unless it is "plainly erroneous or inconsistent with the regulation." *Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994).

subject to the requirements of 28 C.F.R.§ 36.302(e) in that Defendants are responsible for said compliance.

10. Most recently, during October, 2020 Plaintiff attempted to specifically identify and book a guaranteed reservation for an accessible cottage at the Lagoon from the Reservations Services but was unable to do so due to the failure of these services to comply with the requirements set forth in paragraph 7.

11. Plaintiff is an advocate of the rights of similarly situated disabled persons and, pursuant to *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323 (11th Cir. 2013), is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation, including online reservation systems for places of lodging, are in compliance with the ADA.

12. Defendants have discriminated against Plaintiff by denying him access to and full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered at the Lagoon through the Reservations Services due to the substantive ADA violations contained thereon.

## COUNT I-CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA THE LAGOON'S RESERVATION SYSTEM

13. Plaintiff realleges and incorporates paragraphs 1 through 12 above herein.

14. The online reservation system for the Lagoon encountered by Plaintiff when he visited it failed to comply with *any* of the requirements of 28 C.F.R.§ 36.302(e)(1). When Plaintiff visited the Lagoon's online reservation system he tried to make a reservation for an accessible cottage at the Lagoon, since he requires an accessible cottage due to the amputation of his right leg, but it was not possible to make such a reservation. It was possible to reserve a cottage that was not accessible. For this reason Defendants have no policy, practice, or procedure

5

in place to ensure that individuals with disabilities can make reservations for accessible cottages during the same hours and in the same manner as individuals who do not need accessible cottages. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(i). When Plaintiff visited the Lagoon's online reservation system he searched the site for the identification and descriptions of accessible features at the Lagoon and cottages offered through the reservation service so that he could assess independently whether the Lagoon or a specific cottage met his accessibility needs in light of his disability but the reservation service contained no such descriptions at all. This constitutes a violation of 28 C.F.R.§ 36.302(e)(1)(ii). In light of the foregoing, Defendants also necessarily violated 28 C.F.R. §36.302(e)(1)(iii)-(v) in that since the online reservation service does not describe any accessible cottage and does not, in turn, allow the reserving of such accessible cottage, the Website cannot hold such unavailable accessible cottage in the reservation system until all other units have been rented, block such unavailable accessible cottages from the system once reserved, and guaranty that such unavailable accessible cottages will be held for the reserving customer as required by sections (iii) - (v) respectively.

15. Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to correct the ADA violations to the online reservation system for the Lagoon and maintain the online reservation system and accompanying policies in a manner that is consistent with and compliant with the requirements of 28 C.F.R. §36.302(e).

16. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendants, including litigation expenses and costs pursuant to 42 U.S.C. §12205.

17. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Defendants to implement policies, consistent with the ADA, to accommodate the disabled, by requiring Defendants to alter and maintain their online reservation system in accordance with the requirements set forth in paragraph 7 above.[2]

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to implement policies, consistent with the ADA, to accommodate the disabled, through requiring Defendants to alter and maintain the online reservation system for the Lagoon in accordance with the requirements set forth in paragraph 7 above, and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees, and costs.

### COUNT II-CLAIM FOR INJUNCTIVE RELIEF PURSUANT TO THE ADA THE THIRD PARTY RESERVATION SERVICES

18. Plaintiff realleges and incorporates paragraphs 1 through 12 above herein.

19. The ADA violations for the Third Party Reservations Services consist of the following:

   a)   A failure of any policy, practice, or procedure ensuring that individuals with disabilities can make reservations for accessible guest cottages during the same hours and in the same manner as individuals who do not need accessible cottages;

   b)   A failure to identify and describe accessible features in the Lagoon and guest cottages offered through the reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether the Lagoon or a specific guest cottage meets his or her accessibility needs;

---

[2] The injunction, to be meaningful and fulfill its intended purpose, should require Defendants to develop, and strictly enforce, a policy requiring regular monitoring of their online reservations system. As rates and classes of cottages at the Lagoon, and the number and type of cottages, beds, accommodations and amenities offered in the various unit types change from time to time, the availability of accessible units must be re-dispersed across these various price points, classes, as well as across units with disparate features (2010 ADA Standard 224.5). In light of the foregoing, in addition to regular ongoing website maintenance and to reflect physical changes at the Lagoon, the online reservations system must continuously be updated to properly reflect and describe Defendants' compliance with the substantive ADA Standards regarding accessible cottages in accordance with 28 C.F.R. 36.302(e)(1).

  c)  A failure to ensure that accessible guest cottages are held for use by individuals with disabilities until all other guest cottages of that type have been rented and the accessible cottage requested is the only remaining cottages of that type;

  d)  A failure to reserve, upon request, accessible guest cottages or specific types of guest cottages and ensure that the guest cottages requested are blocked and removed from all reservations systems; and

  e)  A failure to guarantee that the specific accessible guest cottage reserved through the reservations service is held for the reserving customer, regardless of whether a specific cottages is held in response to reservations made by others.

20. Plaintiff is without an adequate remedy at law and is suffering irreparable harm and he reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants enact appropriate policies and makes reasonable efforts to make accessible cottages available through the Third Party Reservation Services and provides these services with information concerning the accessible and inaccessible features of the Lagoon and accessible cottages such that the operators of the sites are able to correct the ADA violations on the sites and maintain them, as to the Lagoon, in a manner that is consistent with and compliant with the requirements of 28 C.F.R. §36.302(e).

21. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action and is entitled to recover reasonable attorneys' fees, costs and expenses from Defendants, including litigation expenses and costs pursuant to 42 U.S.C. §12205.

22. Pursuant to 42 U.S.C. § 12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an Order compelling Defendants to implement policies,

consistent with the ADA, to accommodate the disabled in accordance with the requirements set forth in paragraph 7 above.[3]

WHEREFORE, Plaintiff, David Poschmann, requests that the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices, ordering Defendants to implement policies, consistent with the ADA, to accommodate the disabled, and to make reasonable efforts to have accessible rooms available for reserving through the Third Party Reservation Services by providing these services with information concerning the accessible and inaccessible features of the Lagoon and accessible cottages such that the operators of these sites are able to correct the ADA violations on the site and maintain them, as to the Lagoon, in a manner that is consistent with and compliant with the requirements of 28 C.F.R. §36.302(e), and awarding Plaintiff reasonable attorneys' fees, litigation expenses, including expert fees and costs.

s/Drew M. Levitt<br>
DREW M. LEVITT<br>
Florida Bar No: 782246<br>
drewmlevitt@gmail.com<br>
LEE D. SARKIN<br>
Florida Bar No. 962848<br>
Lsarkin@aol.com<br>
4700 N.W. Boca Raton Boulevard, Ste. 302<br>
Boca Raton, Florida 33431<br>
Telephone (561) 994-6922<br>
Facsimile (561) 994-0837<br>
Attorneys for Plaintiff

---

[3] The injunction, to be meaningful and fulfill its intended purpose, should require Defendants to develop, and strictly enforce, a policy requiring regular monitoring of the online Reservation Services. As rates and classes of cottages change at the Lagoon, and the number and type of beds, accommodations and amenities offered in the various room types change from time to time, the availability of accessible cottages must be re-dispersed across these various price points, classes, as well as across cottages with disparate features (2010 ADA Standard 224.5). In light of the foregoing, to reflect physical changes at the Lagoon, the Reservations Services must continuously be updated to properly reflect and describe Defendants' compliance with the substantive ADA Standards regarding accessible places of lodging in accordance with 28 C.F.R. 36.302(e)(1), which can only be accomplished with Defendants' cooperation and participation with these Reservation Services.